**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NATIONAL SHOOTING SPORTS FOUNDATION,**<br><br>Plaintiff,<br><br>v.<br><br>**MATTHEW J. PLATKIN, ATTORNEY GENERAL OF NEW JERSEY,**<br><br>Defendant. | Civil Action No. 22-6646 (ZNQ) (TJB)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for a Stay Pending Appeal ("the Motion", ECF No. 25) filed by Defendant Matthew J. Platkin, in his official capacity as the Attorney General of the State of New Jersey ("Defendant"). Defendant filed a brief in support of the Motion. ("Moving Br.", ECF No. 25-1.) Plaintiff National Shooting Sports Foundation ("NSSF") opposed the Motion ("Opp'n Br.", ECF No. 27), and Defendant replied ("Reply Br.", ECF No. 28). The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY the Motion.

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

On November 23, 2022, NSSF filed a Motion for a Preliminary Injunction seeking to enjoin Defendant from enforcing N.J.S.A. 2C:58-35 ("Section 58-35") on the grounds it is preempted by

1

the Protection of Lawful Commerce in Arms Act ("PLCAA"). (ECF No. 4.) On January 31, 2023, the Court entered an Opinion (ECF No. 17) and Order (ECF No. 18) granting the Motion for a Preliminary Injunction and enjoined Defendant from enforcing Section 58-35.

Defendants now seek a Stay of the Court's January 31, 2023 Order pending appeal. (*See* ECF No. 25.)

## II.  LEGAL STANDARD

To decide a stay pending appeal, a court must consider: (1) whether the movant is likely to succeed on the merits of the appeal; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) whether the stay will harm the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); Fed. R. Civ. P. 62.

## III.  DISCUSSION

The factors to consider when deciding a motion to stay pending appeal are nearly identical to those that the Court considered in ruling on the preliminary injunction application: (1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer "irreparable harm" without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest. *Clean Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir. 1995); *American Tel. & Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426 (3d Cir. 1994).

Consequently, Defendant raises in this Motion essentially the same arguments he previously presented to the Court in opposition to NSSF's Motion for a Preliminary Injunction. Defendant offers no new circumstances to support his application for a stay pending appeal. Therefore, granting Defendant's motion for a stay would arguably be tantamount to a

reconsideration and reversal of the Court's own January 31, 2023 decision. The Court will nonetheless review the applicable factors.

### A. Likelihood of Success on the Merits

In its previous Opinion, the Court found that NSSF is likely to succeed on the merits. Specifically, the Court concluded that NSSF had Article III standing to bring the action and that the PLCAA likely preempted Section 58-35. (ECF No. 17 at 6, 14.)

Having found that NSSF is likely to succeed on the merits, for the same reasons noted in its January 31, 2023 Opinion, the Court finds that Defendant is not likely to succeed on the merits of its appeal.

The Court will, however, briefly address one issue raised in the Motion that was not addressed in the January 31, 2023 Opinion.

Defendant argues that even accepting the Court's interpretation of the PLCAA's predicate exception, the Court's injunction is overbroad. (Moving Br. at 15.) Defendant asserts that he is entitled to a stay pending appeal of the injunction insofar as it applies to enforcement of Section 58-35 based on (1) no third-party misconduct, (2) a theory of negligent entrustment, (3) fraudulent or faulty record-keeping, (4) knowing or reckless straw sales to prohibited purchasers; or (5) misconduct by non-federally licensed actors. (*Id*. at 16.) In essence, Defendant asserts that Section 58-35 may be saved by other enumerated exceptions to the PLCAA. (*See id*.); *see also* 15 U.S.C. § 7903 (5)(A).

In opposition, NSSF argues that Defendant fails to identify any suit that could be brought under Section 58-35 against an NSSF member that the PLCAA's predicate exception would permit. (Opp'n Br. at 14.) NSSF asserts that Defendant's theories that the injunction should be stayed as to the certain types of suits Defendant articulated in its brief (*see* Moving Br. at 16) do

not require knowing violations of the law either. (*Id*. at 14.) Further, NSSF argues that Defendant never invoked any other exception to the PLCAA until now. (*Id*.)

The Court, in granting NSSF's Motion for a Preliminary injunction, found that Section 58-35 was preempted by the PLCAA. Specifically, the Court found that the Section 58-35 did not fall under the predicate exception set forth in the PLCAA. (*See* ECF No. 17 at 14.) The Court made no determination as to whether Section 58-35 fell under the other enumerated exceptions under the PLCAA.

"[A]bsent exceptional circumstances, issues not raised before the district court are waived on appeal." *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc*., 482 F.3d 247, 253 (3d Cir. 2007). "Whether an argument remains fair game on appeal is determined by the degree of particularity with which it was raised in the trial court . . . and parties must do so with exacting specificity." *Spireas v. Comm'r*, 886 F.3d 315, 321 (3d Cir. 2018).

The gravamen of the parties' dispute on the Motion for a Preliminary Injunction was whether Section 58-35 fell within the predicate exception of the PLCAA. (*See* ECF No. 18 at 8.) The only assertion Defendant made with respect to the *other* exceptions to the PLCAA was embedded within a footnote in his opposition brief. (*See* ECF No. 11 at 18 n.2.) Specifically, Defendant provided that NSSF "[conceded] that a suit under Section 58-35 would not be preempted" in circumstances falling under remaining exceptions to the PLCAA. (*Id*.) Defendant failed to raise an actual argument that Section 58-35 fell under any other exception to the PLCAA other than the predicate exception. Accordingly, Defendant's argument was not raised with particularity before this Court and is not "fair game" on appeal. *See Spireas*, 866 F.3d at 321. The Court finds, therefore, for purposes of this Motion, that Defendant is unlikely to succeed on the merits on appeal.

### B. Irreparable Harm to Defendant Absent a Stay

Defendant argues that a stay is warranted because enjoining Section 58-35 will interfere with a critical public safety tool adopted by the New Jersey legislature. (Moving Br. at 23.) Defendant's position is the same one he previously presented, however on the Motion he provides four illustrative, hypothetical examples to support his argument. (*See id*. at 23–27.) In opposition, NSSF argues that Defendant fails to establish irreparable injury. (Opp'n Br. at 24.)

In its previous Opinion, the Court already recognized that granting the preliminary injunction had the possibility of harming the State in that it would be unable to enforce its own statute. (ECF No. 17 at 18.) The Court did not take the issue lightly, but nonetheless found that this potential harm was insufficient to deny the injunction. It finds no reason in Defendant's brief to deviate from its previous conclusion. Accordingly, the Court finds, for purposes of this Motion, that Defendant will not suffer irreparable harm absent a stay.

### C. Harm to NSSF

Defendant argues that NSSF's harms are speculative, and enjoining the Court's injunction would pose no hardship to its members. This argument, however, was also previously raised by Defendant and rejected by the Court. (*See* ECF No. 17 at 14–17.) For the Court to now conclude that NSSF would not suffer irreparable injury if a stay were granted would conflict with this Court's January 31, 2023 determination that NSSF would suffer immediate irreparable injury absent a preliminary injunction. Accordingly, the Court finds that issuance of a stay of its injunction would substantially injure NSSF and its members.

### D. Public Interest

Because Defendant has not shown that he is likely to succeed on an appeal, the Court finds that it is in the public interest to continue the injunction. *See Novartis Consumer Health, Inc. v.*

*Johnson & Johnson-Merck Consumer Pharm. Co.*, Civ. No. 00-5361, 2001 WL 493266, at *3 (D.N.J. 2001).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay will be DENIED.  An appropriate Order will follow.


Date: **March 3, 2023**

                                              s/ Zahid N. Quraishi
                                              **ZAHID N. QURAISHI**
                                              **UNITED STATES DISTRICT JUDGE**