

**State of New Jersey**

| | OFFICE OF THE ATTORNEY GENERAL | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | DEPARTMENT OF LAW AND PUBLIC SAFETY<br>OFFICE OF THE SOLICITOR GENERAL<br>PO BOX 080<br>TRENTON, NJ 08625 | MATTHEW J. PLATKIN<br>*Attorney General* |
| TAHESHA L. WAY<br>*Lt. Governor* | | JEREMY M. FEIGENBAUM<br>*Solicitor General* |

March 18, 2025

<u>Via ECF</u>
The Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:    *Nat'l Shooting Sports Foundation v. Platkin*
            Docket No. 3:22-cv-06646-ZNQ-TJB

Dear Judge Quraishi:

    The Attorney General writes to inform the Court of the resolution of one of the four enforcement actions brought under N.J. Stat. Ann. § 2C:58-35 that are the basis of NSSF's proposed amended complaint. On March 13, the Superior Court entered the enclosed Consent Order and Final Judgment in *Platkin v. Point Blank Guns & Ammo LLC*, No. MRS-C-123-24.

    The Consent Order sets forth the "undisputed findings of fact" that on two separate occasions in 2024, Point Blank sold ammunition to undercover investigators who did not present any identification or credentials (including one sale of 1,000 rounds of .223 caliber rifle ammunition). *Id.* ¶¶ 1.1-1.4. Point Blank agreed that it violated Section 58-35(a)(2) when it sold these gun-related products without having "'reasonable procedures, safeguards, and business practices that are designed to … (1) prevent the sale or distribution of [the particular] gun-related product to a … [] person prohibited from possessing a firearm' by N.J.S.A. 2C:39-5," *id.* ¶ 2.7; and that these violations entitle the



March 18, 2025
Page 2 of 2

Attorney General to an injunction prohibiting such continuing conduct, *id.* ¶ 2.9. Point Blank agreed to pay $2,500 for reasonable attorneys' fees, filing fees, and costs. *Id.* ¶¶ 4.1-4.2.

Point Blank also agreed to specific compliance measures and verification procedures to ensure future compliance with Section 58-35(a)(2), including that it will sell gun-related products only to persons who are either licensed manufacturers, wholesalers, or dealers, or who exhibit a valid New Jersey firearms card or permit, *id.* ¶¶ 3.1-3.2; and that it will keep records of all sales of gun-related products detailing how it verified that the buyer is not prohibited from possessing a firearm, *id.* ¶ 3.4.

*Point Blank* has thus been resolved with an admission of liability based on that defendant's own misconduct, with no assertion of a PLCAA defense, a straightforward agreement to implement reasonable controls, and no suggestion that the State is seeking to use Section 58-35 to hold industry members liable simply for engaging in lawful commerce.

       Respectfully submitted,

       MATTHEW J. PLATKIN
       ATTORNEY GENERAL OF NEW JERSEY

       By:  /s/ Tim Sheehan
       Tim Sheehan
       Assistant Attorney General

Enclosures
cc: All counsel (via ECF)

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Division of Law
25 Market Street, P.O. Box 080
Trenton, New Jersey 08625-0106
Attorney for Plaintiff

By: David E. Leit (024351995)
Assistant Attorney General
973-648-2500
david.leit@law.njoag.gov

**FILED**

MAR 13 2025

Hon. Frank J. DeAngelis, P.J.Ch.
Morris/Sussex County

| | |
|---|---|
| MATTHEW J. PLATKIN<br>Attorney General of the STATE OF NEW JERSEY,<br><br>Plaintiff,<br><br>v.<br><br>POINT BLANK GUNS AND AMMO LLC,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION: MORRIS COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO. MRS-C-000123-24<br><br>[PROPOSED] CONSENT ORDER AND<br>FINAL JUDGMENT |

**WHEREAS,** this matter was originally opened on November 13, 2024 in the New Jersey Superior Court, Morris County, Chancery Division (Docket No. MRS-C-000123-24), by Plaintiff Matthew J. Platkin, Attorney General of New Jersey, pursuant to the provisions of N.J.S.A. 2C:58-33 to -35, to enjoin Defendant from further non-compliance with N.J.S.A. 2C:58-35(a)(2); and

**WHEREAS** the Plaintiff and the Defendant ("Point Blank" and collectively, the "Parties") agree to resolve the issues in controversy and conclude this matter based on the conditions outlined in the below judgment (the "Consent Judgment");

**IT IS HEREBY ORDERED AND AGREED** as follows:

1

## 1. FINDINGS OF FACT

1.1. The facts of this case as articulated in this section are agreed upon by the Parties and are the undisputed findings of fact of this Court in the issuance of this Consent Judgment.

1.2. On March 20, 2024, Point Blank sold a Glock Model 22 .40 caliber 10-round pistol magazine to a first-time customer who did not present any identification or credential prior to making the purchase (the "March Sale").

1.3. On May 30, 2024, Point Blank sold a case of 1,000 rounds of .223 caliber ammunition to a second first-time customer who did not present any identification or credential prior to making the purchase (the "May Sale").

1.4. The March Sale and May Sale did not involve any departure from or breach of Point Blank's then-in-effect policies and practices for sales.

## 2. CONCLUSIONS OF LAW

2.1. N.J.S.A. 2C:58-33 to -36 went into effect on July 5, 2022.

2.2. Under N.J.S.A. 2C:58-35(a)(2), "A gun industry member shall establish, implement, and enforce reasonable controls regarding its . . . sale of gun-related products."

2.3. Point Blank is a gun-industry member within the meaning of N.J.S.A. 2C:58-35(a)(2). See N.J.S.A. 2C:58-34 (defining "gun-industry member").

2.4. A "Gun-related product" means, pursuant to N.J.S.A. 2C:58-34: any firearm, ammunition, ammunition magazine, firearm component or part including, but not limited to, a firearm frame and a firearm receiver, or firearm accessory, which product was, or was intended to be, sold, manufactured, distributed, imported, or marketed in this State, or which product was possessed in this State and as to which it was reasonably foreseeable that the product would be possessed or used in this State.

2.5. The pistol magazine that Point Blank sold in the March Sale and the ammunition that Point Blank sold in the May Sale are gun-related products within the meaning of N.J.S.A. 2C:58-35(a)(2).

2.6. The "reasonable controls" required by N.J.S.A. 2C:58-35(a)(2) includes "reasonable procedures, safeguards, and business practices that are designed to . . . (1) prevent the sale or distribution of a gun-related product to . . . a person prohibited from possessing a firearm under State or federal law."

2.7. The March Sale and May Sale violated N.J.S.A. 2C:58-35(a)(2) because Point Blank sold gun-related products without having "implement[ed] and enforce[d]" "reasonable procedures, safeguards, and business practices that are designed to . . . (1) prevent the sale or distribution of [the particular] gun-related product to a . . . a person prohibited from possessing a firearm" by N.J.S.A. 2C:39-5.

2.8. Point Blank has not otherwise established, implemented, or enforced reasonable procedures, safeguards, and business practices that are designed to prevent the sale of a pistol magazine or rifle ammunition to a person prohibited from possessing a firearm under State or federal law.

2.9. Point Blank's violation of N.J.S.A. 2C:58-35(a)(2), entitles the New Jersey Attorney General to "an injunction prohibiting [Defendant] from continuing that conduct or engaging therein or doing any acts in furtherance thereof." N.J.S.A. 2C:58-35(b).

3. FUTURE COMPLIANCE OBLIGATIONS

3.1. Point Blank shall establish, implement, and enforce, without exception, procedures and business practices that are reasonably designed to prevent the sale or distribution of any gun-related product to a person prohibited from possessing a firearm under State or federal law. Subject to adequate documentation, adopting and successfully

implementing the point-of-sale procedures and business practices described in Sections 3.2 and 3.3 of this Consent Judgment shall be deemed a sufficient, but not exclusive, means to satisfy Point Blank's compliance obligations under this Section.

3.2. Point Blank may comply with Section 3.1 of this Consent Judgment by completing sales or distributions of Gun-related products only to: (a) persons who are licensed under New Jersey law as a manufacturer, wholesaler, or dealer of firearms, or (b) persons who hold and possess a valid New Jersey firearms card or permit and first exhibit the card or permit to Point Blank staff.

For the purposes of this paragraph, a valid New Jersey firearms card or permit means:

i. a valid physical New Jersey firearms purchaser identification card, or an electronic New Jersey firearms purchaser identification card, which Point Blank confirms matches the personally identifiable information on the valid a government-issued photo identification, or

ii. a valid physical New Jersey permit to purchase a handgun, or an electronic New Jersey permit to purchase a handgun, which Point Blank confirms matches the personally identifiable information on the valid a government-issued photo identification, or

iii. a valid physical New Jersey permit to carry a handgun, or an electronic New Jersey permit to carry a handgun, or

iv. a valid credential identifying the purchaser as an active public safety officer of a type set out in N.J.S.A. 2C:39-6(a) – (c), (n), or

v. a valid identification card issued under N.J.S.A. 2C:39-6(*l*)(4) to identify a former law enforcement officer who retired in good standing and is approved to carry a handgun, or

4

    vi.    other documents which, under 18 U.S.C. § 926(c), authorize a qualified retired law enforcement officer to carry a handgun pursuant to that statute.

3.3.    *As part of any procedure adopted by Point Blank to satisfy Section 3.1, if a potential buyer seeks to rely upon a card or permit that lacks photo identification, then Point Blank must also require the buyer to present a government-issued photo identification, such as a driver's license, to validate the potential buyer's reliance on the card or permit. Prior to completing a sale, Point Blank shall review the proffered documents or documents and reasonably determine that the proffered documents are valid and belong to the buyer.*

3.4.    From the Effective Date of this Consent Judgment, Point Blank shall keep records for all sales of Gun-related Products detailing the means used (including any identification or credential presented by the buyer, including a New Jersey State Bureau of Identification (SBI) number) to verify that the buyer is not prohibited from possessing a firearm under State or federal law (the "Verification Records"). The Verification Records may be kept in either a physical medium or digitally, as long as such records are maintained and secured in a manner that would comply with State and federal laws applicable to records of Point Blank's firearms sales.

3.5.    For a period of one year after the Effective Date of this Consent Judgment, Point Blank shall transmit copies of the Verification Records to the Statewide Affirmative Firearms Enforcement ("SAFE") Office on a monthly basis. For the following one-year period, Point Blank shall transmit copies of the Verification Records to the SAFE Office every other month. For the one-year period thereafter, Point Blank shall transmit copies of the Verification Records to the SAFE Office every six months.

3.6.    Notwithstanding the foregoing, the New Jersey Attorney General and the SAFE Office reserve any and all rights to monitor Point Blank's ongoing compliance with the terms

of this Consent Judgment, including the right, for a period of five years after the Effective Date of this Consent Judgment, to request immediate access to the Verification Records for inspection. Upon such request, Point Blank shall provide immediate access to the Verification Records, either electronically or in person, and any other documents maintained by Point Blank.

3.7. The New Jersey Attorney General and the SAFE Office further reserve the right to test Point Blank's ongoing compliance with the terms of this Consent Judgment, including through unannounced, undercover visits involving undercover attempts to purchase Gun-related products.

3.8. From the Effective Date of this Consent Judgment, Point Blank shall formalize in writing a set of employee policies to educate and train all its employees on the terms of this Consent Judgment and shall post those written policies in a space accessible to employees during business hours.

3.9. Point Blank shall otherwise take all steps reasonably necessary to adhere to the requirements of N.J.S.A. 2C:58-34(a)(2).

3.10. Point Blank shall comply with all requirements of this Consent Judgment for as long as it remains a gun-industry member, even if it undergoes a change in business address, name, corporate form, or ownership.

## 4. PAYMENT OF REASONABLE COSTS OF SUIT

4.1. Point Blank shall pay to the New Jersey State Department of the Treasury the total of $2,500 for (1) reasonable attorneys' fees; (2) filing fees; and (3) reasonable costs of suit, as provided in N.J.S.A. 2C:58-35(b).

4.2. Point Blank shall complete this payment within thirty days of the Effective Date of this Consent Judgment if paid in one lump sum, or within one year of the Effective Date of this Consent Judgment if paid in monthly installments.

## 5. GENERAL PROVISIONS

5.1. This Consent Judgment shall be effective on the date that it is entered by the Court.

5.2. Upon execution by all parties, this Consent Judgment shall operate as a complete and final disposition of the allegations against Defendant contained in Plaintiff's Complaint, subject only to the fulfillment of all provisions of this Consent Judgment. Upon fulfillment of those provisions, all claims against Defendant are dismissed with prejudice.

5.3. The parties agree that New Jersey Law shall govern the enforcement and interpretation of this Consent Judgment.

5.4. Nothing in this Consent Judgment shall in any manner be construed to limit or affect the rights of any persons, other than the parties to this Consent Judgment, who may have a claim against Defendant or any individual or entity involved in this matter.

5.5. This Consent Judgment memorializes (i) the parties' mutual understanding of Point Blank's particular obligation under N.J.S.A. 2C:58-35(a)(2) to adopt "reasonable controls" with respect to "prevent[ing] the sale or distribution of a gun-related product to . . . a person prohibited from possessing a firearm under State or federal law,"; and (ii) Point Blank's binding commitment to fulfill that obligation consistent with the terms of this Consent Judgment. Nothing in this Consent Judgment shall in any manner be construed to limit or supersede any additional obligations that Defendant may have under state or federal law, or the Attorney General's enforcement thereof.

5.6. This Consent Judgment is executed in settlement of the claims and potential claims against Defendant as described above, and shall not be construed to otherwise limit the authority of the New Jersey Attorney General to protect the interests of the State of New Jersey or the people of the State of New Jersey as outlined in N.J.S.A. 2C:58-33 to -36 and otherwise.

5.7. Jurisdiction is retained by this Court for such further orders and directions as may be necessary or appropriate for the construction and modification of the injunctive provisions herein, or execution of this Consent Judgment, including punishment for any violation of this Consent Judgment.

5.8. Failure to comply with any provision of this Consent Judgment shall be considered a violation of this Consent Judgment. Upon such a violation, the Plaintiff may move on notice to enforce the provisions of the Consent Judgment. However, the parties shall attempt in good faith to resolve the dispute before seeking the Court's intervention.

5.9. Upon making a finding that the allegedly noncompliant party has failed to materially comply with this Consent Judgment, the Court will assess against the noncomplying party costs associated with investigating and litigating that noncompliance, including reasonable attorneys' fees, as well as order appropriate injunctive relief to remedy the noncompliant party's noncompliance with this Judgment.

███████████████████████

5.10. Failure by any party to seek enforcement of this Consent Judgment pursuant to its terms with respect to any instance or provision shall not be construed as a waiver to such enforcement with regard to other instances or provisions.

IT IS on this 13th day of March, 2025

_____
[JUDGE'S NAME]

HON. FRANK J. DEANGELIS, P.J.Ch.

The Parties consent to the form, content, and entry of this Consent Judgment:

POINT BLANK GUNS AND AMMO LLC:

By: /s/ Nicky Wilson
Name: Nicholas Wilson
Title: Member

Date: 03/12/2025

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY:

By: /s/ David Leit
David Leit
Assistant Attorney General

Date: 3/12/2025

9