**Clement & Murphy**
PLLC

March 24, 2025

**VIA ECF**

The Honorable Zahid N. Quraishi
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *NSSF v. Platkin*, No. 3:22-cv-06646

Dear Judge Quraishi:

      The Attorney General's recent letter, Dkt.50, just underscores that NSSF's members face a very credible threat of being sued by the AG under A1765 (i.e., N.J.S.A. 2C:58-35) for engaging in lawful commerce in arms.

      After this Court preliminarily enjoined the AG "from enforcing the provisions of N.J.S.A. 2C:58-35," Dkt.18; *see also* Dkt.17, the AG persuaded the Third Circuit to dismiss NSSF's lawsuit for lack of standing by, *inter alia*, "disavow[ing]" any intention to "prosecut[e] [NSSF] or its members just for participating in 'lawful commerce.'" *NSSF v. N.J.*, 80 F.4th 215, 221-22 (3d Cir. 2023) (quoting Oral Arg. Tr. 5:23-35 and NJ CA3 Br.15). The AG then turned around and began suing industry members for exactly that. As relevant here, he sued Point Blank Guns and Ammo LLC under §58-35 for selling magazines and rifle ammunition without checking the purchaser's identification—even though neither federal nor state law requires retailers to do so.

      The AG claims that his lawsuit was for Point Blank's "own misconduct" because Point Blank has now admitted to violating §58-35. But as the consent judgment makes clear, Point Blank is not being held liable for violating any extant prohibition against transferring rifle ammunition or magazines without checking identification. Point Blank is being held liable only for violating §58-35 itself, by failing to "implement[] and enforce" what the AG has deemed to be "reasonable controls regarding its … sale of gun-related products." The consent judgment against Point Blank thus confirms that the AG is now using §58-35 to sue industry members for engaging in commerce in arms that does not violate any law other than (at least according to the AG) §58-35, which is exactly what NSSF has feared from the start.

      To the extent the AG is suggesting that his representations to the Third Circuit left him free to sue NSSF members for engaging in the "misconduct" of violating §58-35's nebulous commands, that makes no sense. The preemption question NSSF brought this lawsuit to resolve is whether the AG can use §58-35 to sue industry members for engaging in conduct that violates nothing other than §58-35. And the Third Circuit ordered the case dismissed because it was not persuaded that the AG was going to do that. If the Third

Circuit really thought that the AG was representing that he *did* plan to sue NSSF members any time he deems their lawful commerce in firearms to be "unreasonable," then it would have had to reach the merits of NSSF's argument that such lawsuits are preempted by the PLCAA. If anything, then, the AG's argument just undermines his cause, as he is now conceding that he very much *does* plan to sue industry members for nothing other than the purported "misconduct" of failing to anticipate what "controls" he or a court may deem "reasonable" after the fact, even though no law or regulation requires them.

The AG notes that Point Blank did "no[t] assert[] a PLCAA defense." Dkt.50 at 2. But whatever Point Blank's reasons for declining to do so may have been, that is neither here nor there. The question is not whether the *Point Blank* lawsuit demonstrates that the AG is bringing lawsuits that are preempted by the PLCAA. That is a merits question to be resolved once this lawsuit is reopened. The only question for present purposes is whether the *Point Blank* lawsuit is the kind of lawsuit NSSF's members fear they will face—i.e., lawsuits that seek to hold them liable for conduct that the AG deems to be "unreasonable" even though it complies with all applicable federal, state, and local laws and regulations save (at least according to the AG) §58-35. It plainly is. The recent consent judgment against Point Blank thus underscores that the threat facing NSSF and its members—indeed, all industry members—is not just real, but right around the corner. This Court should grant NSSF's motion to reopen the case and for leave to amend its complaint.

Respectfully submitted,

| | |
|---|---|
| PAUL D. CLEMENT | s/Daniel L. Schmutter |
| ERIN E. MURPHY | DANIEL L. SCHMUTTER |
| MATTHEW D. ROWEN | HARTMAN & WINNICKI, PC |
| NICHOLAS A. AQUART* | 74 Passaic Street |
| CLEMENT & MURPHY, PLLC | Ridgewood, NJ 07450 |
| 706 Duke Street | (201) 967-8040 |
| Alexandria, VA 22314 | dschmutter@hartmanwinnicki.com |
| (202) 742-8900 | |

*Supervised by principals of the firm who are members of the Virginia Bar (Application for admission *pro hac vice* forthcoming).

*Counsel for Plaintiff*

Cc: All Counsel of Record