**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>ZAHID N. QURAISHI<br>UNITED STATES DISTRICT JUDGE | U.S. COURTHOUSE<br>402 EAST STATE STREET, ROOM 4000<br>TRENTON, NJ 08608 |

April 2, 2025

### LETTER ORDER

Re:   **National Shooting Sports Foundation v. Attorney General of New Jersey**
       **Civil Action No. 22-6646-ZNQ-TJB**

Dear Counsel:

    This matter comes before the Court upon Plaintiff National Shooting Sports Foundation's ("NSSF" or "Plaintiff") Motion to Reopen the Case and File an Amended Complaint (the "Motion," ECF No. 36). Plaintiff filed a moving brief ("Moving Br.," ECF No. 36-2), a declaration, and various exhibits including its proposed amended complaint (ECF No. 36-1).  The Attorney General of New Jersey (the "Attorney General" or Defendant") filed an opposition brief ("Opp'n Br.," ECF No. 43), and various exhibits (ECF No. 43-2).  Plaintiff filed a reply brief  ("Reply Br.," ECF No. 53), and six declarations (ECF Nos. 53-1 to -6).  Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, the Court **GRANTS** the Motion.

    NSSF filed this Motion on February 6, 2025, approximately seventeen months after the Third Circuit vacated the Court's earlier decision, *Nat'l Shooting Sports Found. v. Att'y Gen. of N.J.*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023), and remanded for an order to dismiss the case for lack of subject matter jurisdiction.  *See Nat'l Shooting Sports Found. v. Att'y Gen. of N.J.*, 80 F.4th 215 (3d Cir. 2023).  In noting that "pre-enforcement suits must still satisfy Article III," the Third Circuit concluded that NSSF's allegations of standing rested on generalizations and not specific future harm. *Id.* at 219–20. Accordingly, the Third Circuit held that NSSF lacked standing and "th[e] suit f[e]ll[] far short of even the 'normal' pre-enforcement challenge." *Id.* at 223.  Upon remand and at the Third Circuit's directive, the Court dismissed the action without prejudice due to lack of subject matter jurisdiction.  (ECF No. 34.)

    Rather than filing a new action, NSSF now seeks to reopen the case pursuant to Rule 60, and amend its complaint pursuant to Rule 15.  NSSF argues that it now has standing, that justice requires reopening the case, and that judicial economy warrants reopening the matter given that the undersigned is familiar with the proceedings and already reached the merits of the underlying legal question.  (Moving Br. at 3, 6.)  More specifically, NSSF argues that the Attorney General has gone "back on his word" to the Third Circuit that his office will not prosecute NSSF or its members for participating in "lawful commerce." (*Id.* at 5 (quoting *NSSF*, 80 F.4th at 221)).  NSSF points to various lawsuits brought by the Attorney General to enforce the state law.  (*Id.*)  NSSF argues that the Attorney General is now engaging in the very same conduct his office  promised not to do: civilly prosecute industry members simply because they sell firearms. (Moving Br. at 5, 9 ("[T]he Attorney General has plainly broken the promises he made

to procure dismissal of this case.")). According to NSSF, the five new lawsuits brought by the Attorney General show "beyond a doubt that NSSF members do in fact face a 'substantial risk of prosecution just for making, marketing, and selling guns,' and of lawsuits under A1765 seeking to hold them liable for the criminal acts of third parties outside their control." (*Id.* at 6 (quoting *NSSF*, 80 F.4th at 222)).[1]

In opposition, the Attorney General argues that NSSF should simply file a new case (Opp'n Br. at 2), NSSF does not meet the legal standard for reopening a judgment (*id.* at 14–18), amending the initial complaint is futile (*id.* at 18–22), *Younger* and *Brillhard-Wilton* abstention bar the Court from reopening the case (*id.* at 23–30), and NSSF's proposed claims nevertheless fail as a matter of law (*id.* at 30–40). More specifically, the Attorney General argues that he did not make misleading promises; instead, he filed only five enforcement actions predicated on those defendants' own misconduct, and only one of those cases names one of NSSF's members. (*Id.* at 15, 16 ("The lawsuit is about Glock's own alleged civil misconduct.")).

Federal Rule of Civil Procedure 60 governs motions for relief from a final judgment, order, or proceeding. *See* Fed. R. Civ. P. 60(b). Under Rule 60(b), a party may seek relief from a final judgment, order, or proceeding "under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). These circumstances include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Rule 60(b)(6), on which NSSF relies, allows for relief from judgment for "any other reason that justifies relief," and is a "catch-all provision" that is within the Court's sound discretion. *Cohen v. Internal Revenue Serv.*, Civ. No. 19-00764, 2021 WL 4520338, at *2 (D.N.J. Oct. 4, 2021). Such "broad powers" may be exercised "only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).

In substance, the Motion seeks relief from the Court's September 13, 2023 Order that dismissed the case without prejudice following the Third Circuit's remand order. (ECF No. 34.) For the reasons that follow, the Court finds that NSSF has met its burden under Rule 60. *See Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).

First, for the reasons set forth below, the Court finds that the new enforcement proceedings filed by the Attorney General—which had not been filed at the time the Third Circuit issued its decision—constitute extraordinary circumstances that warrant reopening the case. Since the dismissal, the challenged law has now been enforced against five parties, one of which is a member of NSSF. As the

---

[1] The five civil enforcement actions commenced by the Attorney General after the Third Circuit's decision in this case are pending in various vicinages in New Jersey state court. The cases are: *Platkin v. Patriot Enterprises Worldwide LLC d/b/a Eagle Shows and Not an LLC d/b/a JSD Supply* (*JSD*), filed on December 14, 2023, in New Jersey Superior Court, Chancery Division, in Mercer County, Docket No. MER-C-93-23; *Platkin v. FSS Armory, Inc.*, filed on December 14, 2023, in New Jersey Superior Court, Chancery Division, in Morris County, Docket No. MRS-C-102-23; *Platkin v. Point Blank Guns and Ammo LLC*, filed on November 13, 2024, in New Jersey Superior Court, Chancery Division, in Morris County, Docket No. MRS-C-123-24; *Platkin v. RR Outdoors, LLC d/b/a Butch's Gun World*, filed on November 13, 2024, in New Jersey Superior Court, Chancery Division, in Cumberland County, Docket No. CUM-C-37-24; and *Platkin v. Glock, Inc. and Glock Ges.m.b.h.*, filed on December 12, 2024, in New Jersey Superior Court, Chancery Division, Essex County, Docket No. ESX-C-286-24.

Third Circuit noted, "[a] strong sign of future enforcement is that a law has been enforced against the plaintiff, a closely related party, or others for similar conduct." *NSSF*, 80 F.4th at 220. The Attorney General downplays the fact that, despite claiming it would not do so, it brought an enforcement action against one of NSSF's members, "a closely related party." Irrespective of whether Glock—NSSF's member—can assert affirmative defenses in its own action or whether it committed individual misconduct as is argued by the Attorney General, it is now clear that there may be a risk of enforcement against NSSF or its other members. The Court therefore finds that NSSF has made its required showing of extraordinary circumstances.

That is not the end of the inquiry. NSSF must also establish unexpected or extreme hardship. The Court finds that NSSF has also met this burden. The Court finds that it is both an extreme and unexpected hardship that the representations made on behalf of the Attorney General as to NSSF's standing effectively "precluded an adjudication on the merits." *See Boughner v. Sec'y of Health, Ed. & Welfare, U.S.*, 572 F.2d 976, 77, 79 (3d Cir. 1978) ("The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice be done."); *see also Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (the "'hardship' requirement of Rule 60(b)(6) may sometimes be satisfied when the judgment 'precluded an adjudication on the merits.'" (quoting *Boughner*, 572 F.2d at 978)). Because the Attorney General successfully obtained vacatur in the Third Circuit, and thereafter filed civil enforcement actions, Plaintiff is now subject to, for example, abstention arguments made by the Attorney General based on *Younger* and *Brillhart-Wilton* which pose additional challenges to reaching the merits. (*See* Opp'n Br. at 22–30.) Additionally, as a practical matter, the Court also finds that reopening the case will serve the interests of judicial economy, reduce wasted time, and ultimately help avoid unnecessary burdens on the parties and the Court. Moreover, the end point is the same; a new filing would result in a new complaint and a new motion for a preliminary injunction and be a related matter that would be assigned to the undersigned. In sum, the Court concludes that NSSF has met its burden of demonstrating the required hardship. Accordingly, the Rule 60 Motion is **GRANTED**.

As to Plaintiff's Motion to Amend, all of the Attorney General's arguments against giving Plaintiff leave to amend pertain to futility. The Court finds that the Attorney General's arguments are therefore better suited for consideration in the context of an anticipated motion for a preliminary injunction given that the Court will address the likelihood of success on the merits at that time. *See Strategic Env't. Partners, LLC v. Bucco*, Civ No. 13-5032, 2014 WL 3817295 at *2 (D.N.J. Aug. 1, 2014) (preserving futility argument for anticipated motions to dismiss); *see also Colombo v. Bd. of Educ. for the Clifton Sch. Distr.*, Civ. No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) ("In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss.") (citing *In re Aetna UCR Litig.*, Civ. No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015)); *Cordero v. Emrich*, Civ. No. 20-5654, 2023 WL 6387303, at *2 (D.N.J. Sept. 29, 2023); *James v. Superior Ct. of N.J.*, Civ. No. 21- 16769, 2022 WL 4449382, at *2 (D.N.J. Sept. 22, 2022); *S.M. v. Freehold Reg'l High Sch. Dist. Bd. of Educ.*, Civ. No. 22-107, 2022 WL 4226354, at *3 (D.N.J. Sept. 13, 2022).

Accordingly, NSSF's Motion to Amend (ECF No. 36) is **GRANTED** without prejudice to the Attorney General's right to renew his arguments in the context of the anticipated briefing on a preliminary injunction. NSSF is given leave to file its proposed Amended Complaint by **April 4, 2025**. The Court

hereby **STAYS** the deadline for the Attorney General to respond to the Complaint so that the parties and the Court can focus on NSSF's anticipated motion for a preliminary injunction.

Additionally, by **April 8, 2025**, the parties shall confer and file: (1) a proposed briefing schedule for the motion for a preliminary injunction; (2) proposed dates for a hearing; and (3) a proposed schedule for the hearing, including an estimate of the time requested.

**IT IS SO ORDERED.**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
