

**State of New Jersey**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

June 12, 2025

<u>**Via ECF**</u>
The Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:   *Nat'l Shooting Sports Foundation v. Platkin* (No. 3:22-cv-06646)

Dear Judge Quraishi:

    The NJAG writes to advise of *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, No. 23-1141, 2025 WL 1583281 (U.S.) (*EUM*), which held that a lawsuit against firearm manufacturers did not meet PLCAA's predicate exception because it failed to plausibly allege an aiding-and-abetting offense. *Id.* at *8.

    *EUM* confirms that PLCAA bars only specific "lawsuits," not whole statutes—essentially, those based on "later misuse" (against PLCAA-protected entities) that fail to satisfy an exception. *Id.* at *3. Thus, where Mexico brought a lawsuit dependent on the predicate exception that hinged on an aiding-and-abetting theory yet failed to plausibly allege aiding and abetting, that suit was barred. *Id.* at *5, *8-9. The analysis hinged on the complaint's specifics—how its allegations failed to square with aiding-and-abetting law. *Id.* at *6-8; *see id.* at *4 ("aiding and abetting can qualify as a PLCAA predicate violation").



HUGHES JUSTICE COMPLEX · TELEPHONE: (862) 350-5800 FAX: (609) 292-3508
*New Jersey is an Equal Opportunity Employer · Printed on Recycled Paper and Recyclable*

*EUM* thus reinforces that PLCAA is an affirmative defense, to be applied (where invokable) to the case-specific allegations, with review available up through the U.S. Supreme Court. That is consistent with the NJAG's longstanding position that PLCAA exists to preclude the strict-liability suits of a prior era while permitting challenges to entities' own alleged misconduct. *See id.* at *9. And it is inconsistent with NSSF's requests for a blanket injunction—much less a follow-the-law injunction inviting endless two-track litigation.

Finally, *EUM* does not call any of the NJAG's five enforcement actions into question. Initially, none of these rests exclusively on an aiding-and-abetting theory, and three cannot implicate PLCAA at all, having been brought against a non-PLCAA-protected entity or not seeking relief "stemming from" "later misuse." *Compare id.* at *3. Further, the only action involving a PLCAA-protected entity (the suit against Glock, which also names its non-PLCAA-protected Austrian parent) that includes an aiding-and-abetting claim features only one such count among its six. That claim rests on idiosyncratic facts about Glock's leadership's own "conscious and culpable participation" in the unlawfulness alleged, *see id.* at *5 (cleaned up), as opposed to the mere "omissions" and "inactions" alleged in *EUM*, *compare*, *e.g.*, *id.* at *8, *with* ECF 43-2 at 353-54, 374-76.

        Respectfully submitted,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Tim Sheehan
        Tim Sheehan
        Assistant Attorney General

cc: All counsel (via ECF)