LAW OFFICES
**HARTMAN & WINNICKI, P.C.**

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Andrew T. Wolfe *
Daniel L. Schmutter*□
_____
Writer's E-mail:
Rick@Ravin.com

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450
(201) 967-8040
_____
FACSIMILE
(201) 967-0590
_____
WEBSITE
www.hartmanwinnicki.com

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)
_____
*  New York and New Jersey Bars
º   Florida Bar
□  Washington, D.C. Bar
◊  New Jersey Bar
×  Pennsylvania Bar

June 13, 2025

**Via CM/ECF**

The Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

     Re:    *National Shooting Sports Foundation v. Platkin*, No. 3:22-cv-06646

Dear Judge Quraishi:

     The Supreme Court's decision in *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, No. 23-1141, --- S.Ct. ----, 2025 WL 1583281 (U.S. June 5, 2025), confirms that this Court's initial decision to preliminarily enjoin the AG from enforcing A1765 against NSSF and its members was and is exactly right.

     As *Smith & Wesson* explained, "Congress enacted the [PLCAA] to halt a flurry of lawsuits attempting to make gun manufacturers pay for the downstream harms resulting from misuse of their products." *Id.* at *9. And while the PLCAA "includes the predicate exception," "that exception" cannot be read so broadly as to "swallow … the rule." *Id.* Yet that is precisely what New Jersey asks this Court to do, as A1765 authorizes the exact sort of actions, based on wrongs committed by third parties, that Congress set out to (and did) preempt in the PLCAA. The AG's basic submission is that A1765 itself can "serve as a predicate statute" for purposes of evading the PLCAA because it is "'applicable to the sale or marketing of' gun products." AG.PI.Opp.29. But *Smith & Wesson* confirms that this Court should once again reject that wooden reading, as it would "gut the PLCAA," Dkt.17 at 13, and allow the predicate exception to "swallow" the rest of the PLCAA, *Smith & Wesson*, 2025 WL 1583281, at *9. As this Court explained last time around, "[t]he knowingly requirement of the predicate exception necessitates the actor to have a

1

sufficiently concrete duty to have knowingly violated a relevant statute," and "A1765 does just the opposite." Dkt.17 at 12-13. *Smith & Wesson* gives that conclusion a stamp of approval, explaining that "manufacturers cannot be" held liable just because they "design and market[]" "legal" products that criminals "like" too, no matter how "reasonable" a state may consider that result. 2025 WL 1583281, at *4, *8.[1]

Given all that, it is unsurprising that the AG dissembles. But his attempts to spin *Smith & Wesson* in his favor miss the mark. First, the Court's "analysis hinged on the … specifics" of the "complaint[]" at issue there, AG.Ltr.1, for an obvious reason: Mexico sued the industry members, who raised their immunity under the PLCAA as a basis to dismiss the lawsuit. That is both unremarkable and irrelevant. After all, NSSF has never denied that the PLCAA *can* be asserted defensively; NSSF has argued only that it can *also* be asserted offensively. To the extent it speaks to that issue at all, *Smith & Wesson* confirms that the PLCAA provides a federal-law immunity that can be asserted offensively under 42 U.S.C. §1983. *See* PI.Reply.6-8. In stark contrast to the AG's claim that the PLCAA provides only "an affirmative defense," AG.Ltr.2, the Supreme Court was explicit that the PLCAA confers a federal-law "immunity." *Smith & Wesson*, 2025 WL 1583281, at *9; *accord id.* at *10 (Jackson, J., concurring) (discussing the "PLCAA's general grant of immunity"). Indeed, the ultimate holding of the case was that "the defendant manufacturers retain their PLCAA-granted immunity." *Id.* at *9 (majority opinion).

Finally, the AG's efforts to distinguish *Smith & Wesson* from his recent lawsuits against Glock and others are unavailing. *Contra* AG.Ltr.2, Mexico "alleged" more than "mere 'omissions' and 'inactions.'" *See, e.g.*, *Smith & Wesson*, 2025 WL 1583281, at *5 ("Mexico alleges that the manufacturers make 'design and marketing decisions' intended to stimulate cartel members' demand for their products."). In fact, Mexico's claims track almost verbatim the causes of action A1765 codifies. Mexico's "basic theory [was] that the defendants failed to exercise 'reasonable care' to prevent trafficking of their guns into Mexico, and so are responsible for the harms arising there from the weapons' misuse." *Id.* at *4. That "basic theory" is exactly what A1765's "reasonable controls" provision codifies. *See* N.J.S. §2C:58-35(a)(2) ("A gun industry member shall establish, implement, and enforce reasonable controls regarding its manufacture, sale, distribution, importing, and marketing of gun-related products."); *see also id.* §2C:58-34 (defining "[r]easonable controls").

At bottom, then, the AG's argument is that the very same claims the Supreme Court held preempted in *Smith & Wesson* would *not* be preempted if brought pursuant to A1765. That "sounds absurd, because it is." *Sekhar v. United States*, 570 U.S. 729, 738 (2013).

---

[1] Indeed, even Justice Jackson, who took a uniquely state-legislature-empowering view of the PLCAA, reiterated that it prohibits state-law efforts to impose liability on industry members "for engaging in practices that legislatures and voters have declined to prohibit." *Id.* at *10 (Jackson, J., concurring).

2

                                    Respectfully submitted,

                                    <u>s/Daniel L. Schmutter</u>

| | |
|---|---|
| PAUL D. CLEMENT* | DANIEL L. SCHMUTTER |
| ERIN E. MURPHY* | HARTMAN & WINNICKI, PC |
| MATTHEW D. ROWEN* | 74 Passaic Street |
| NICHOLAS A. AQUART* | Ridgewood, NJ 07450 |
| CLEMENT & MURPHY, PLLC | (201) 967-8040 |
| 706 Duke Street | dschmutter@hartmanwinnicki.com |
| Alexandria, VA 22314 | |
| (202) 742-8900 | |

*admitted *pro hac vice*

                    *Counsel for Plaintiff*