

**State of New Jersey**

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625

MATTHEW J. PLATKIN
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

July 3, 2025

**Via ECF**
The Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:   *Nat'l Shooting Sports Foundation v. Platkin* (No. 3:22-cv-06646)

Dear Judge Quraishi:

    The NJAG writes regarding *Medina v. Planned Parenthood S. Atl.*, No. 23-1275, 2025 WL 1758505 (U.S. June 26, 2025). Though *Medina*'s facts involved whether a Medicaid funding provision confers a private right of action, the Court clarified that private rights of action under federal statutes (as opposed to the Constitution) remain the exception, not the rule. That underscores that PLCAA does not confer a private right of action.

    *Medina* emphasizes that federal statutes create rights enforceable via Section 1983 "only in atypical cases." *Id.* at *6. Writing for the majority, Justice Gorsuch explained that "of course, federal legislation seeks to *benefit* one group or another. (Why pass legislation otherwise?)." *Id.* But to show that "a statute secures an enforceable right, privilege, or immunity, and does not just provide a benefit or protect an interest, a plaintiff must show that the law in question clearly and unambiguously uses rights-creating terms," that it displays "an unmistakable focus on individuals like the plaintiff," and that "even for the rare



statute that satisfies" these "stringent" and "demanding" requirements, "a § 1983 action still may not be available if Congress has displaced § 1983's general cause of action with a more specific remedy." *Id.* (cleaned up).

*Medina* explained why these rules are intrinsic to the separation of powers. While "there was a time in the mid-20th century when the Court assumed it to be a proper judicial function to provide whatever remedies it deemed necessary to make effective a statute's purpose," *id.*, that was misguided. Instead, "the decision whether to let private plaintiffs enforce a new statutory right poses delicate questions of public policy"—questions properly resolved by "the people's elected representatives," not the judiciary. *Id.*; *see also id.* at *10 ("For a time ... the Court sometimes took an expansive view of its power to imply private causes of action to enforce federal laws.").

*Medina* thus reinforces the "line between mere benefits and enforceable rights," *id.* at *13—a line that forecloses NSSF's attempt to use PLCAA's beneficial defense as an offensive right when Congress expressly foreswore that use. 15 U.S.C. § 7903(5)(C).

          Respectfully submitted,

          MATTHEW J. PLATKIN
          ATTORNEY GENERAL OF NEW JERSEY

   By:  /s/ Tim Sheehan
         Tim Sheehan
         Assistant Attorney General

cc:  All counsel (via ECF)