


**State of New Jersey**
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

July 8, 2025

**Via ECF**
The Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Nat'l Shooting Sports Foundation v. Platkin* (No. 3:22-cv-06646)

Dear Judge Quraishi:

The Attorney General writes to inform the Court of the resolution of one of the enforcement actions brought under N.J. Stat. Ann. § 2C:58-35 that are the basis of NSSF's renewed lawsuit. On July 3, the Superior Court entered the enclosed Consent Order and Final Judgment in *Platkin v. FSS Armory Inc.*, No. MRS-C-102-23.

The Consent Order sets forth the "undisputed findings of fact" that "FSS Armory stored loose, unsecured rifles and stacks of handguns and gun boxes in an open room directly under two ground-floor windows of the Store," which "were visible from outside the Store through the ground-floor windows" and then "posted images of the interior of its Store on the internet, which showed the loose stacks of guns and gun boxes." Consent Order ¶¶ 3.4-3.6. Burglars who had searched for "gun stores in nj" and seen FSS Armory in the results then smashed those windows and removed eighteen guns within arm's reach—several of which have since been recovered at crime scenes. *Id.* ¶¶ 3.7-3.8, 3.10-3.11.



FSS Armory agreed that its conduct violated Section 58-35(a)(2) and admitted to liability "for its violations of N.J.S.A 2C:58-35, as well as for its common law negligence, as alleged in the Complaint." *Id.* ¶¶ 4.3, 5.1-5.2. FSS Armory further agreed that "N.J.S.A. 2C:58-33-35 are properly and lawfully enforced by the New Jersey Attorney General as to FSS Armory." *Id.* ¶ 4.2. FSS Armory agreed to pay $125,000 as abatement and money damages for these violations. *Id.* ¶ 7.1.

FSS Armory also agreed to specific compliance measures to ensure future compliance with New Jersey law, including that it will install appropriate alarm systems and bars on exterior windows that prevent a person from reaching their arm through from the outside, *id.* ¶¶ 6.4-6.5; and will "store all firearms and ammunition during non-business hours in compliance with N.J.A.C. 13:54-6.5(b)." *Id.* ¶ 6.6. FSS Armory also agreed to an independent monitor for a term of four years to ensure its compliance with the Consent Order. *Id.* ¶¶ 6.11-6.13.

*FSS Armory* is thus the second action under Section 58-35 that has been resolved with an admission of liability based on that defendant's own misconduct—and this time following the Superior Court's earlier ruling denying FSS Armory's PLCAA-based motion to dismiss. *See* ECF 62-1 at 231-261; PI Opp., ECF 62 at 7-8.

        Respectfully submitted,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

    By:  /s/ Tim Sheehan
        Tim Sheehan
        Assistant Attorney General

Enclosures
cc: All counsel (via ECF)

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Division of Law
124 Halsey Street
P.O. Box 45029
Newark, New Jersey 07101
Attorney for Plaintiff

**FILED**

JUL 03 2025

Hon. James M. DeMarzo, P.J.Ch.
Morris/Sussex County

By:  David E. Leit (024351995)
     Assistant Attorney General
     973-648-2500
     david.leit@law.njoag.gov

| | |
|---|---|
| MATTHEW J. PLATKIN<br>Attorney General of the STATE OF NEW JERSEY,<br><br>Plaintiff,<br><br>v.<br><br>FSS ARMORY, INC.,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION: MORRIS COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO. MRS-C-000102-23<br><br>**[PROPOSED] CONSENT ORDER AND FINAL JUDGMENT** |

**WHEREAS**, this matter was originally opened on December 12, 2023 in the New Jersey Superior Court, Morris County, Chancery Division (Docket No. MSC-C-000102-23), by Plaintiff Matthew J. Platkin, Attorney General of New Jersey, pursuant to the provisions of N.J.S.A. 2C:58-33–35, seeking abatement, actual damages, and punitive damages under N.J.S.A. 2C:58-34, and to enjoin Defendant from further violations of N.J.S.A. 2C:58-34; and

**WHEREAS** the Plaintiff and the Defendant (collectively, the "Parties") agree to resolve the issues in controversy and conclude this matter based on the conditions outlined in the below judgment (the "Consent Judgment"); and

**IT IS HEREBY ORDERED AND AGREED** as follows:

1

# 1. EFFECTIVE DATE

1.1. This Consent Judgment shall be effective on the date that it is entered by the Court.

# 2. DEFINITIONS

As used in this Consent Judgment, references to the singular include the plural, and references to the plural include the singular. The following words or terms shall have the following meanings, which meanings shall apply wherever the words and terms appear in this Consent Judgment.

2.1. "FSS Armory" or "FSS" means the Defendant in this case, FSS Armory Inc.

2.2. "Gun Industry Member" has the same meaning given in N.J.S.A. 2C:58-34: "a person engaged in the sale, manufacturing, distribution, importing or marketing of a gun-related product, and any officer, agent, employee, or other person authorized to act on behalf of that person or who acts in active concert or participation with one or more such persons."

2.3. "Gun-related Product" has the same meaning given in N.J.S.A. 2C:58-34: "any firearm, ammunition, ammunition magazine, firearm component or part including, but not limited to, a firearm frame and a firearm receiver, or firearm accessory, which product was, or was intended to be, sold, manufactured, distributed, imported, or marketed in this State, or which product was possessed in this State and as to which it was reasonably foreseeable that the product would be possessed or used in this State."

2.4. "Public nuisance" has the same meaning given in N.J.S.A. 2C:58-34: "any condition which injures, endangers, or threatens to injure or endanger or contributes to the injury or endangerment of the health, safety, peace, comfort, or convenience of others or which otherwise constitutes a public nuisance under common law."

2.5. "Reasonable Controls" has the same meaning given in N.J.S.A. 2C:58-34: "reasonable procedures, safeguards, and business practices that are designed to: (1) prevent the sale or distribution of a gun-related product to a straw purchaser, a firearm trafficker, a person prohibited from possessing a firearm under State or federal law, or a person who the gun industry member has reasonable cause to believe is at substantial risk of using a gun-related product to harm themselves or unlawfully harm another or of unlawfully possessing or using a gun-related product; (2) prevent the loss of a gun-related product or theft of a gun-related product from a gun industry member; (3) ensure that a gun industry member complies with all provisions of State and federal law and does not otherwise promote the unlawful sale, manufacture, distribution, importing, marketing, possession, or use of a gun-related product; and (4) ensure that the gun industry member does not engage in an act or practice in violation of any of the regulatory provisions governing firearms set forth in chapters 39 and 58 of Title 2C of the New Jersey Statutes or engage in conduct that constitutes a violation of P.L. 1960, c.39 (C.56:8-2) or any regulations promulgated thereunder."

2.6. The "Statewide Affirmative Firearms Enforcement Office" or "SAFE Office" means the office of that same name within the New Jersey Office of the Attorney General.

## 3. FINDINGS OF FACT

3.1. The facts of this case as articulated in this section are agreed upon by the Parties and are the undisputed findings of fact of this Court in the issuance of this Consent Judgment.

3.2. FSS Armory's store (the "Store") opened in approximately December 2019. The Store sells handguns, rifles, shotguns, ammunition, gun parts, and accessories. FSS Armory also operates a publicly accessible website at "www.fssarmory.com," where it advertises its services and inventory, and posts customer reviews.

3.3. Ross Osias is the owner and manager of FSS Armory. Osias runs FSS Armory's day-to-day business and is responsible for its practices and legal compliance.

3.4. Beginning no later than July 2022, FSS Armory stored loose, unsecured rifles and stacks of handguns and gun boxes in an open room directly under two ground-floor windows of the Store, adjacent to a glass-doored entrance from the Store's parking lot.

3.5. Those stacks of loose guns and gun boxes were visible from outside the Store through the ground-floor windows.

3.6. In approximately July 2022, FSS Armory posted images of the interior of its Store on the internet, which showed the loose stacks of guns and gun boxes.

3.7. On Friday, January 6, 2023, between 1:40 a.m. and 2:00 a.m., burglars came to FSS Armory in a stolen car. The burglars arrived and went to the ground floor windows. The burglars smashed the windows' glass, leaned over and reached inside, removed eighteen guns within arm's reach, and loaded those guns into the car. These events were captured on surveillance video. No alarm was triggered, nor was there real-time notification to law enforcement. Law enforcement learned of the burglary in the morning, after Ross Osias arrived to open the Store.

3.8. Police investigation revealed that before the burglary, one of the burglars had searched for "gun stores in nj" on his cell phone, and that FSS Armory was on the list of search results.

3.9. In total, the burglars stole the following eighteen guns from FSS Armory: seven pistols, six shotguns, four rifles, and one revolver. The specific guns that were stolen are as follows:

4

| Manufacturer | Model | Type | Serial Number |
|---|---|---|---|
| Mossberg | Maverick 88 | Shotgun | MV0668784 |
| Remington | Sportsman 48 | Shotgun | 3066131 |
| Remington | 11-48 | Shotgun | 5105604 |
| Wards Western Field | Mauser | Rifle | 4144 |
| Mauser | K98 | Rifle | 8504 |
| Remington | 700 | Rifle | 300008 |
| Colt | Police Positive | Revolver | 81859 |
| Beretta | 92X | Pistol | BST36007 |
| CZ | 75B | Pistol | F185441 |
| Winchester | 12 | Shotgun | 1155602 |
| Ruger | AR 556 | Rifle | 1852-27859 |
| Smith & Wesson | M&P9 Shield | Pistol | JRP6216 |
| Taurus | G2C | Pistol | ADL860793 |
| T Barker | -- | Shotgun | -- |
| Heckler & Koch | P30 | Pistol | 129-113197 |
| Sears | 101.100 | Shotgun | -- |
| Glock | 43X | Pistol | BYXR622 |
| Sig Sauer | 1911 Max Michel | Pistol | 54B013573 |

3.10. Several hours after stealing the guns from FSS Armory—before law enforcement was alerted to the burglars' theft of the guns—the suspects traveled fourteen miles to a jewelry store in Passaic to conduct a gunpoint robbery. The burglars who had stolen the guns from FSS

5

Armory held two customers and the two store owners at gunpoint, injured one of them by pushing him to the floor, and robbed the store of a significant amount of jewelry.

3.11. Since the burglary, only nine of the guns have been recovered by law enforcement, each one of which was found either at a crime scene or in the hands of a criminal. One of the guns—a pistol—was recovered in Paterson, New Jersey by the Paterson Police Department during a sweep of an illegal nightclub. Six of the guns—4 shotguns, 1 rifle, and 1 pistol—were recovered in New York by the New York Police Department during a long-term controlled-buy operation in which the gun sales were intercepted by undercover officers. The three suspects in that operation, all of whom were from New Jersey, have been formally charged and indicted by the local prosecuting agency. Another one of the guns—a pistol—was recovered in New York by the New York Police Department on a suspect in a car that had been stolen at gunpoint less than forty-eight hours earlier. Another of the guns—a pistol—was recovered in Newark, New Jersey on a suspect wanted for several incidents of domestic violence, who ran from the officer apprehending him and caused that officer to suffer a head wound during the chase. That same suspect had also committed a gunpoint robbery in Newark only a few months prior.

3.12. The locations of the remaining stolen guns are still unknown.

3.13. On or about December 12, 2023, Plaintiff filed this action pursuant to his authority under N.J.S.A. 2C:58-33–35, which specifically empowers the Plaintiff, "to promote and protect the health, safety, and welfare of the people of New Jersey by requiring Gun Industry Members to establish and implement reasonable procedures, safeguards, and business practices" in running their businesses.

3.14. This action alleges four separate counts of unlawful conduct by FSS Armory, including one count of common law negligence and three counts under N.J.S.A. 2C:58-35. This

action seeks various forms of relief, including injunctive relief against FSS Armory and monetary damages to cover accrued and future costs to the State of New Jersey in abating the public nuisance caused by the eighteen guns stolen from FSS Armory, as well as actual damages, and punitive damages to punish and deter FSS Armory's unlawful conduct.

### 4. CONCLUSIONS OF LAW

4.1. N.J.S.A. 2C:58-33–35 are valid exercises of the powers of the New Jersey Office of the Attorney General as to its claims against FSS Armory. The specific powers granted to the New Jersey Attorney General by N.J.S.A. 2C:58-33–35 are properly and lawfully delegated to the Statewide Affirmative Firearms Enforcement Office, which is further properly and lawfully vested with the powers of the New Jersey Attorney General to conduct investigations of conduct violative of N.J.S.A. 2C:58-33–35 and other New Jersey laws.

4.2. N.J.S.A. 2C:58-33–35 are properly and lawfully enforced by the New Jersey Attorney General as to FSS Armory.

4.3. FSS Armory's conduct was not consistent with N.J.S.A. 2C:58-35(a)(2), which provides that "A gun industry member shall establish, implement, and enforce reasonable controls regarding its manufacture, sale, distribution, importing, and marketing of gun-related products."

4.4. Thus, N.J.S.A. 2C:58-35(b) empowers the New Jersey Attorney General to "commence an action to seek and obtain: an injunction prohibiting the gun industry member from continuing that conduct or engaging therein or doing any acts in furtherance thereof; an order providing for abatement of the nuisance at the expense of the defendant; restitution; damages; reasonable attorneys' fees, filing fees, and reasonable costs of suit; and any other appropriate relief."

## 5. FSS ARMORY STATEMENT OF LIABILITY

5.1.  Pursuant to the findings of fact and legal conclusions above, FSS Armory admits and acknowledges that this Consent Judgment constitutes an admission of liability for its violations of N.J.S.A. 2C:58-35, as well as for its common law negligence, as alleged in the Complaint.

5.2.  FSS Armory admits that from July 2022 to January 6, 2023, its storage of unsecured firearms that were visible through and within arm's reach of an exterior window without a functioning glass break alarm was unreasonable and not consistent with N.J.S.A. 2C:58-35.

5.3.  FSS Armory states that it agrees to be bound by this Consent Judgment because its actions were not consistent with N.J.S.A. 2C:58-35, and after having engaged in conciliatory conversations with the Plaintiff, the Attorney General of the State of New Jersey, both Plaintiff and Defendant have concluded the following injunctive and monetary relief are appropriate to resolve the Attorney General's Section 58-35 and tort claims.

## 6. FSS ARMORY'S FUTURE COMPLIANCE OBLIGATIONS

6.1.  FSS Armory shall, pursuant to this Consent Judgment, take the steps set forth herein necessary to improve its store security and firearms storage practices to bring FSS Armory into compliance with N.J.S.A. 2C:58-34, et. seq.

6.2.  FSS Armory shall comply with all requirements of this Consent Judgment for as long as it remains a firearms retailer in New Jersey.

6.3.  FSS Armory agrees that all security measures and other compliance obligations set forth in this Consent Judgment shall be subject to final approval by the SAFE Office, whose approval is indicated by Plaintiff's signature on this Consent Order and Final Judgment.

6.4.  FSS Armory shall, within thirty days after the Effective Date of this Agreement, install an alarm system on all windows and exterior doors. This alarm system must be able to make

real-time notifications of any break-in at the Store to law enforcement and/or the owner of FSS Armory.

6.5. FSS Armory shall, within thirty days after the Effective Date of this Agreement, install bars on all exterior windows of FSS Armory. These bars must have gaps between them not large enough for a person to reach their arm through from the outside.

6.6. FSS Armory shall, during all non-business hours, store all firearms and ammunition in compliance with N.J.A.C. 13:54-6.5(b): (a) shotguns and rifles secured in a rack equipped with a locking device such as a metal bar or a steel cable; (b) firearms and ammunition secured in a heavy gauge metal cabinet equipped with an adequate locking device; (c) firearms and ammunition secured in a heavy gauge mesh wire cage equipped with an adequate locking device on the door(s); (d) firearms and ammunition secured in a safe or vault; (e) firearms may remain in glass display cases, provided the firearms are secured with a steel cable or other adequate locking device; and/or (f) in a manner otherwise approved by the SAFE Office.

6.7. FSS Armory agrees that from the Effective Date of this Consent Judgment, FSS Armory and the New Jersey Attorney General will work together to appoint an independent monitor (the "Compliance Monitor"). The purpose of the Compliance Monitor shall be to investigate and inspect FSS Armory to ensure FSS Armory's compliance with the terms of this Consent Judgment, and to report the Compliance Monitor's findings to this Court and to the SAFE Office.

6.8. The Compliance Monitor shall serve for a term of four years following the Effective Date of this Agreement.

6.9. Upon entering of this Consent Judgment, the Parties shall work together to come to an agreement on a person to appoint as Compliance Monitor. Upon reaching an agreement as to

the person to serve as Compliance Monitor, the Parties shall submit the name and credentials of the agreed-upon Compliance Monitor to the Court for approval.

6.10. If the Parties are unable to agree on a person to serve as Compliance Monitor within fourteen days of the Effective Date of this Consent Judgment, the Parties shall notify this Court in writing of the failure to appoint a Compliance Monitor. Upon receiving this written notification, the Court will convene a conference with the Parties at the next return date on the calendar of the Court, or another date agreed upon by the Parties and the Court. At that conference, the Court shall appoint a person to serve as Compliance Monitor.

6.11. FSS Armory agrees that the Compliance Monitor shall conduct an inspection of FSS Armory every six months, during business hours, over the Compliance Monitor's four-year term. The Compliance Monitor is not required to give notice to FSS Armory prior to an inspection.

6.12. The Compliance Monitor shall make reports to this Court and to the SAFE Office of his or her findings after each inspection, which must include the state of FSS Armory's security systems and storage that are the subject of this Consent Judgment.

6.13. FSS Armory shall bear the reasonable hourly costs for the Compliance Monitor's inspections of FSS Armory and the Compliance Monitor's writing of the resulting reports. The Compliance Monitor's costs shall not exceed $200 per hour, and the total expense to FSS Armory shall not exceed $1,600 per inspection.

6.14. Upon written request by the Compliance Monitor, FSS Armory shall make available all documents and information retained by FSS Armory related to its storage and security of Gun-related Products, including, but not limited to, those security systems and practices that are the subject of this Agreement.

## 7. PAYMENT OF ABATEMENT COSTS AND DAMAGES

7.1.   The State of New Jersey and FSS Armory agree that FSS Armory will pay to the New Jersey State Department of the Treasury the total of $125,000 as compensation to the State of New Jersey for FSS Armory's actions set forth herein, which payment shall be made on the following schedule:

| Date Due | Amount Due |
| --- | --- |
| 30 Days After Effective Date of this Consent Order | $15,000 |
| July 31, 2025 | $10,000 |
| August 29, 2025 | $10,000 |
| September 30, 2025 | $10,000 |
| October 31, 2025 | $10,000 |
| November 28, 2025 | $10,000 |
| December 31, 2025 | $10,000 |
| January 30, 2026 | $10,000 |
| February 27, 2026 | $10,000 |
| March 31, 2026 | $10,000 |
| April 30, 2026 | $10,000 |
| May 29, 2026 | $10,000 |

## 8.   GENERAL PROVISIONS

8.1.   Upon execution by all parties, this Consent Judgment shall operate as a complete and final disposition of the allegations against Defendant contained in Plaintiff's Complaint, subject only to the fulfillment of all provisions of this Consent Judgment. Upon fulfillment of those provisions, all claims against Defendant are dismissed with prejudice.

8.2. The parties agree that New Jersey law shall govern the enforcement and interpretation of this Consent Judgment.

8.3. Nothing in this Consent Judgment shall in any manner be construed to limit or affect the rights of any persons, other than the parties to this agreement, who may have a claim against Defendant or any individual or entity involved in this matter.

8.4. This consent order does not involve any admission of liability or disposition with respect to N.J.S.A. 2C:58-2 or the associated Administrative Code provisions administered by the New Jersey State Police Superintendent.

8.5. This Consent Judgment is executed in settlement of the claims and potential claims against Defendant as described above, and shall not be construed to otherwise limit the authority of the New Jersey Attorney General to protect the interests of the State of New Jersey or the people of the State of New Jersey as outlined in N.J.S.A. 2C:58-33–36 and otherwise.

8.6. The Parties agree that this Consent Judgment is the full and final remedy for all violations by FSS Armory raised in the Complaint, and any consequences stemming from the theft of FSS Armory's firearms on January 6, 2023. Provided that FSS Armory remains in compliance with the terms of this Consent Order, neither SAFE nor the Office of the New Jersey Attorney General will take, nor will either recommend or refer that anyone else (*i.e.*, federal, other state, or local authorities authorities) take any other criminal, civil, administrative, licensure, or other action against FSS Armory or any of FSS Armory's employees or owner, as related to: (i) the firearms stolen from FSS Armory on January 6, 2023 (or the consequences therefrom); (ii) any conduct by FSS Armory on or prior to December 12, 2023; or (iii) any conduct by FSS Armory up until the date of this Consent Order to the extent such conduct is known by SAFE or the Office of the Attorney General as of the time of this Consent Order.

8.7. The New Jersey Attorney General and the SAFE Office further reserve the right to test FSS Armory's ongoing compliance with the terms of this Consent Judgment, including through unannounced and/or undercover visits.

8.8. Jurisdiction is retained by this Court for such further orders and directions as may be necessary or appropriate for the construction and modification of the injunctive provisions herein, or execution of this Consent Judgment, including punishment for any violation of this Consent Judgment.

8.9. Failure to comply with any provision of this Consent Judgment shall be considered a violation of this Consent Judgment. Upon such a violation, the Plaintiff may take any and all steps available to enforce this Consent Judgment. However, in the event of a dispute among the parties regarding any issue arising hereunder, the parties shall attempt in good faith to resolve the dispute before seeking the Court's intervention. The party alleging noncompliance will provide the other with the specific details of the alleged noncompliance, and the party alleged to be in noncompliance shall be afforded a forty-five (45) day period within which to cure any alleged noncompliance. In the event of the failure to cure any such alleged noncompliance, the party asserting the noncompliance may move on notice to enforce the provisions of the Consent Judgment. The party against whom noncompliance is asserted shall have the right to submit opposition to any motion application filed and to contest same on any return date. Upon making a finding that the allegedly non-compliant party has failed to materially comply with this Consent Judgment, the Court will assess against the noncomplying party costs associated with investigating and litigating that noncompliance, including reasonable attorneys' fees, as well as order appropriate injunctive relief to remedy the non-compliant party's non-compliance with this Judgment.

8.10. Failure by any party to seek enforcement of this Consent Judgment pursuant to its terms with respect to any instance or provision shall not be construed as a waiver to such enforcement with regard to other instances or provisions.

IT IS on this \_\_\_3rd\_\_\_ day of ~~June~~ July, 2025

_____
HON. JAMES M. DEMARZO, P.J.Ch.

The Parties consent to the form, content, and entry of this Consent Judgment:

FSS ARMORY, INC.:

By: _____
ROSS OSIAS

Date: 6/24/25

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY:

_____
MATTHEW J. PLATKIN
By David Leit, Assistant Attorney General

Date: June 19, 2025