Dariusz M. Winnicki *º
Richard L. Ravin *º□
Andrew T. Wolfe *
Daniel L. Schmutter*□

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450
(201) 967-8040

FACSIMILE
(201) 967-0590

WEBSITE
www.hartmanwinnicki.com

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar
× Pennsylvania Bar

July 8, 2025

**Via CM/ECF**

The Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    *National Shooting Sports Foundation v. Platkin*, No. 3:22-cv-06646

Dear Judge Quraishi:

      The Attorney General still misunderstands NSSF's argument, the PLCAA, and basic principles of federal law. NSSF *agrees* that the "PLCAA does not confer a private right of action." Dkt.72 at 1. NSSF has never argued otherwise. NSSF's argument is and always has been that the immunity the PLCAA grants NSSF's members is enforceable under Section 1983. *See* 42 U.S.C. §1983 (creating a cause of action to sue state officials for "the deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws"). The "line between mere benefits and enforceable rights," Dkt.72 at 2 (quoting *Medina v. Planned Parenthood S. Atl.*, --- S.Ct. ----, 2025 WL 1758505, at *13 (U.S. June 26, 2025)), is thus neither here nor there.

      Contra Dkt.72 at 2, NSSF is not trying to use a "beneficial defense as an offensive right." "[T]he PLCAA does not impose a procedural limitation" or create a mere defense; "rather, it creates a substantive rule of law granting immunity to certain parties against certain types of claims." *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1142 (9th Cir. 2009); *accord, e.g.*, *In re Acad., Ltd.*, 625 S.W.3d 19, 33-34 (Tex. 2021). All NSSF is doing in this case is seeking to enforce the substantive federal-law "immunity" that Congress expressly granted its members in the PLCAA when it provided that "[a] qualified civil liability action may not be brought in any Federal or State court." 15 U.S.C. §7902(a); *see Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 145 S.Ct. 1566, 1570 (2025) (holding

that "the defendant manufacturers retain their PLCAA-granted immunity"). Nothing in *Medina* or any other case provides any reason to doubt NSSF's ability to do exactly that.

              Respectfully submitted,

              s/Daniel L. Schmutter

| | |
|---|---|
| PAUL D. CLEMENT* | DANIEL L. SCHMUTTER |
| ERIN E. MURPHY* | HARTMAN & WINNICKI, PC |
| MATTHEW D. ROWEN* | 74 Passaic Street |
| NICHOLAS A. AQUART* | Ridgewood, NJ 07450 |
| CLEMENT & MURPHY, PLLC | (201) 967-8040 |
| 706 Duke Street | dschmutter@hartmanwinnicki.com |
| Alexandria, VA 22314 | |
| (202) 742-8900 | |

*admitted *pro hac vice*

*Counsel for Plaintiff*