*STATE OF NEW JERSEY*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ 08625-0080

MIKIE SHERRILL
*Governor*

JENNIFER DAVENPORT
*Attorney General*

SUNDEEP IYER
*Solicitor General*

October 21, 2026

**Via ECF**
Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: *Nat'l Shooting Sports Foundation v. Davenport* (No. 3:22-cv-6646)

Dear Judge Quraishi:

The parties submit this status report in response to the Court's October 14, 2026 text order, and additionally set forth their respective positions regarding a proposed schedule for resolving this litigation.

**NSSF's Proposal**

Plaintiff National Shooting Sports Foundation ("NSSF") agrees with the Court that this case should proceed to final resolution as expeditiously as possible. NSSF also agrees that motions for summary judgment would be the natural next step here—if the Attorney General were willing either to proceed with summary judgment briefing on an expedited timetable or (if the Attorney General desires a longer schedule) to stay enforcement of New Jersey Assembly Bill 1765 (2022) ("A1765") against NSSF's members during the pendency of litigation. Unfortunately, however, NSSF understands that the Attorney General is unwilling to agree to either. In fact, NSSF understands that the Attorney General wants to spend at least a full year conducting discovery, despite the purely legal nature of NSSF's challenges to A1765. NSSF thus finds itself in a bind. The Attorney General has continued to bring new enforcement actions under A1765 against NSSF's members even in the short period since NSSF reopened this case. And the Attorney General has expressly refused to hold off on continuing to do so. It would be inequitable in the extreme to allow the Attorney General to file still more actions against NSSF members under this statute while the Attorney General forces NSSF to undergo upwards of a year

of irrelevant discovery. That is especially true given this Court's conclusion that "NSSF is likely to succeed on the merits of its preemption argument," *NSSF v. Platkin*, 2023 WL 1380388 (D.N.J. Jan. 31, 2023), and the Third Circuit's recent recognition that A1765 "is vague," appears to restrict "constitutionally protected, non-misleading commercial speech," "arguably regulates extraterritorial commerce," and "might fall outside our nation's regulatory tradition" of firearm regulation, *NSSF v. Atty. Gen.*, 2026 WL 2639295, at *5 (3d Cir. Sept. 8, 2026). Accordingly, unless this Court is willing to set an expedited summary judgment schedule that will ensure that this long-running litigation can finally be resolved in a matter of months, NSSF will have no choice but to file another motion for a preliminary injunction to protect its members, which it is prepared to do within 30 days of this filing (i.e., by Friday, November 20, 2026).

<u>Attorney General's Proposal</u>

The Attorney General (NJAG) believes this case should proceed as expeditiously as possible to the summary-judgment stage, but that the parties must first complete discovery, as in any other civil litigation matter. Discovery never began in this case, as the NJAG has not filed an answer and the initial discovery conference has not taken place. *See* Fed. R. Civ. P. 26(d)(1); *Conway v. Davis*, 2018 WL 1446399, at *4 n.5 (D.N.J. Mar. 23, 2018) ("the discovery process does not begin until after the initial scheduling conference, which is triggered by a defendant filing his answer"); L. Civ. R. 16.1(a)(1) ("The initial conference shall be scheduled within 60 days of filing an initial answer, unless deferred ..."). While expected to be limited in scope, discovery is needed on specific factual issues in the case. These issues include whether and how N.J.S.A. 2C:58-35 burdens or discriminates against interstate commerce, the relevant historical analogues for Section 58-35 (in response to NSSF's Second Amendment claim), any internal controls NSSF has promulgated for members to ensure compliance with laws restricting straw purchasing and sales to prohibited-persons (in response to its vagueness claim), and the identities of any NSSF members who would be covered by NSSF's proposed injunction. The NJAG should be permitted to develop the necessary facts to support its response to NSSF's claims.

Of course, NSSF can file a preliminary injunction motion at any time if it wishes, and the NJAG would oppose the motion and file a response. Recent Third Circuit precedent makes clear that the "extraordinary" remedy of a preliminary injunction is inappropriate where, as here, it is unnecessary to keep the case from being mooted out before it can reach final judgment. *Ams. for Prosperity Found. v. Albence*, __ F.4th __, 2026 WL 2563151, at *2, *5 (3d Cir. 2026); *see Del. State Sportsmen's Ass'n v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 200-202 (3d Cir. 2024). But if NSSF files a motion for a preliminary injunction anyway, the NJAG respectfully requests that its opposition be due on Monday, December 21 (31 days after NSSF's motion is filed).

We thank you for Your Honor's consideration. The parties are available to participate in a status conference, should the Court request one.

Respectfully submitted,

*s/ Tim Sheehan*

JENNIFER DAVENPORT
ATTORNEY GENERAL OF
NEW JERSEY

By: Tim Sheehan
Assistant Attorney General
tim.sheehan@njoag.gov
*Attorneys for Defendant*

*s/ Matthew D. Rowen*

CLEMENT & MURPHY, PLLC

By: Matthew D. Rowen
matthew.rowen@clementmurphy.com
*Attorneys for Plaintiff*

To the extent Plaintiff's challenge to the statute at issue is a facial one, the parties shall proceed immediately to crossing motions for summary judgment to be filed 11/25/2026, to be made returnable 12/21/2026.

So Ordered this 22nd day of October 2026.

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE